Fletcher, J.
The instrument of submission in this case expressly requires, that before hearing testimony and examining the premises, a time and place for hearing the parties shall be appointed, and the parties respectively duly notified and have opportunity to attend.
The evidence, as reported, shows that some time before the time and place of hearing were appointed, the arbitrators, with the plaintiff" and his son, as one arbitrator expressly testified, (but another arbitrator testifies that the plaintiff’s son was present, but does not recollect that the plaintiff was there), went upon the premises and made a pretty close examination ; they went up and down the meadow for perhaps two or three hours, and the plaintiff and his son talked and made statements. The defendants were not present by their agent, and appear to have had no notice of the proceeding at the time. At a subsequent time and before the appointment of the time and place of hearing, the arbitrators again examined the premises with the plaintiff, and the defendants’ agent was then present, and complained that the plaintiff had been with the arbitrators at the previous meeting.
After this the arbitrators went a third time upon the premises, and, as appears by the testimony, as reported, of one of the arbitrators, the plaintiff and his son were present, but the defendants were not present by their agent, and do not appear to have had any notice of this proceeding at the time. The chaffman in his testimony says: “ When the arbitrators were on the land the third time, I inquired if they had viewed enough to decide the first point, as to whether the land is damaged, and what was the cause, and understood they had, and I put the question to them.” Thus it appears that the arbitrators came to a conclusion upon the merits of the case, *418 upon these ex parte hearings and examinations, and before any time and place for hearing the parties were appointed. Having thus in effect decided the case without hearing the parties, the arbitrators appointed a time and place for a hear ing, and notified the parties. But no witnesses were examined on oath, and no hearing in, fact appears to have been had, and so far at least as the merits of the case were concerned—that is, so far as respects the inquiry, whether the plaintiff’s meadow was damaged by the defendants’ works — the award was founded wholly on the opinions formed by the arbitrators upon their ex parte hearings and examinations. The chairman says, “we did not come to any other judgment on these questions afterwards.” The time when this judgment was formed on the ex parte proceedings, was about a month before the time appointed for the hearing of the parties.
There is no reasoning, or principle or authority, which will support such an award. The proceedings of the arbitrators were contrary to the plainest principles, and wholly inconsistent with a due administration, of justice.
This opinion proceeds on a ground wholly irrespective of any ruling or charge of the judge at the trial.

New trial granted